Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 201008-161790
DATE: July 14, 2021

REMANDED

Entitlement to service connection for a back condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 2000 to June 2002. 

A rating decision was issued under the legacy system in December 2014 and the Veteran submitted a timely notice of disagreement. After a March 2019 Board remand, the agency of original jurisdiction (AOJ) issued a supplemental statement of the case (SSOC) in August 2020. The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act, by submitting an October 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the August 2020 SSOC, and elected the Direct Review docket. Therefore, the August 2020 SSOC is the decision on appeal, and the Board may only consider the evidence of record at the time of the August 2020 SSOC. 38 C.F.R. § 20.301 (2020). Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the Veteran's service connection claim for a back condition for further development, this additional evidence will be considered by the AOJ in the adjudication of the matter. 

The Board acknowledges that a Board remand under the legacy system was erroneously issued in December 2020, but it was later vacated by a May 2021 Board decision.

The Veteran is seeking service connection for a back condition, and contends that his current back condition is a result of his in-service back overuse and injuries. However, the issue of the Veteran's entitlement to service connection for a back condition is remanded to correct a duty to assist error that occurred prior to the August 2020 SSOC on appeal. 

The Board notes that a VA medical opinion to determine the etiology of the Veteran's current back condition was obtained in January 2020. However, it was not an adequate opinion because the examiner only listed relevant evidence reviewed and failed to provide any actual opinions on the matter. Thus, the Board finds that a remand is necessary to obtain an addendum opinion on the matter in order to make a fully informed decision. 

Accordingly, the matter is REMANDED for the following action:

1. The AOJ must obtain an addendum opinion from the January 2020 VA examiner regarding the Veteran's service connection claim for a back condition. If the January 2020 VA examiner is not available, the requested opinion with rationale should be rendered by another appropriate medical professional. The examiner should review the Veteran's claims file and a copy of this REMAND order before rendering the requested addendum opinion.

(a.) The examiner must opine whether the Veteran's current back condition is at least as likely as not (50 percent or greater probability) related to his service or had its onset in service. 

(b.) The examiner specifically is asked to consider the Veteran's competent lay assertions regarding the onset and continuity of his back symptoms, including a June 2018 Board hearing testimony. See June 2018 Hearing Transcript, at 3-5 (the Veteran had duties in service involving changing 300-pound tires by hand with another service member; his back locked up in service after lifting a TV; his back also locked up a few times after separation); see also January 2015 Notice of Disagreement (the Veteran contended that he injured his back during his service in Yakota, Japan, and he still has trouble with lower back pain while walking, standing, and sleeping). The examiner is advised that the Veteran is competent to report his symptoms and history and such reports must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, the examiner must provide an explanation for such rejection. The examiner must provide a complete written rationale for any opinion offered.

2. Thereafter, the AOJ should readjudicate the remanded claim.

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. E. Kim, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.